UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| BRIAN GREEN, | Case No.: 3:19-cv-00424-RJC-DSC |
|---|---|
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA, N.A., et al. | |
| Defendants. | |

**DEFENDANT BANK OF AMERICA, N.A.'S MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

Plaintiff filed his Complaint (**Complaint**) on August 28, 2019 in the United States District Court for the Western District of North Carolina. The Complaint purports to assert one cause of action against Bank of America, N.A. (**BANA**) for violation of the Fair Debt Collection Practices Act (**FDCPA**). Plaintiff's Complaint should be dismissed in its entirety.

Specifically, Plaintiff's claim fails because he cannot establish that BANA is a debt collector as defined by FDCPA and even if he could, he cannot establish facts to support a claim for violation of the statute. In short, Plaintiff fails to allege any valid cause of action against BANA and the Court should grant BANA's motion to dismiss the Complaint, with prejudice.

**II. STATEMENT OF JUDICIALLY NOTICEABLE FACTS[1]**

Plaintiff alleges that BANA, via it retained attorneys, demanded payment on his credit card account. (ECF. 1, ¶ 9.) Plaintiff further alleges that upon receipt of a demand from BANA or its attorneys, he sent a letter requesting validation of the debt pursuant to the Fair Debt Collection Practices Act. (ECF. 1, ¶¶ 10-12.) Plaintiff alleges that upon receipt of his "dispute," BANA or its attorneys failed to provide the information that he demanded, in violation of FDCPA. *Id*. As

---

[1] BANA accepts the allegations of the Complaint as true for purposes of this motion only.

the result of the foregoing, Plaintiff brings a claim against BANA for violation of the FDCPA, seeking statutory damages in the amount of $1,000.00. (*Id*.)

In support of the allegations in his Complaint, Plaintiff references the collection complaint filed by BANA and against Plaintiff in Union County, North Carolina. (ECF 1, ¶¶ 13-14.) A true and accurate copy of the complaint entitled *Bank of America, N.A. v. Brian Green*, Case No. 19-CVD-01634 (the "Collection Complaint") and filed in Union County, North Carolina on June 5, 2019 is attached hereto as Exhibit A.

The Collection Complaint avers that Plaintiff is indebted to BANA in the amount of $13,060.11. (Ex. A, p. 1, ¶ 4.) Further, the affidavit from BANA attached to the Collection Complaint avers that Plaintiff opened the account with BANA on August 20, 2017 and that the account charged off on November 30, 2018. (Ex. A, p. 2, ¶¶ 4-5.)

### III. REQUEST FOR JUDICIAL NOTICE

BANA respectfully requests that this Court take judicial notice of the Union County Civil Filings that are attached to this brief and referenced in Plaintiff's Complaint. These documents are judicially noticeable pursuant to Federal Rule of Evidence 201 for the reasons explained below.

FRE 201 gives the Court the power to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This Court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir.2013). A district court may clearly take judicial notice of the state court complaint and since Plaintiff references the state court action in his Complaint he clearly does not dispute its authenticity. *See Blue Tree Hotels v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir.2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

## IV. STANDARD OF REVIEW

### A. Rule 8 Standard

Fed. R. Civ. P. 8(a)(2) provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the standard is "to give fair notice to defendants of the claim or claims being asserted such that defendants are able to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata applies." *See Poblete v. Goldberg*, 680 F. Supp. 2d 18, 19 (D.D.C. 2009). To withstand a motion to dismiss, the factual allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations marks and citation omitted) (omission in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, a complaint must be dismissed when it fails to allege "with even modest particularity the dates and places of the alleged transactions." *Poblete*, 680 F. Supp. 2d at 19 (internal quotation marks and citation omitted). The allegations in the complaint must "nudge [the plaintiff's] claims . . . across the line from conceivable to plausible" and must allow the court to infer "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679-80 (internal quotation marks and citations omitted).

### B. Rule 12 Standard

A complaint cannot survive a motion to dismiss under Rule 12(b)(6) of the Federal rules of Civil Procedure "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 549 (2007)). Consequently, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a court must take as true all of the factual allegations, the court is "not bound to accept as true a legal conclusion couched

as a factual allegation." *Id*. 1949-50 (quoting *Twombly*, 550 U.S. at 555); *see also Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir.2013)(quoted cases omitted).

## IV. ARGUMENT

Plaintiff's sole claim against BANA arises under the Fair Debt Collection Practices Act ("FDCPA"). (ECF. 1, ¶¶ 15-24.) In support, Plaintiff alleges that BANA violated FDCPA by failing to properly validate his debt after receiving his written request for debt validation. (*Id.*) Plaintiff alleges that BANA's failure or refusal to "validate" the debt in a way that he unilaterally required resulted in a statutory violation of FDCPA. (*Id.*) Plaintiff seeks damages for the alleged violation under Section 1692k. (*Id.*) However, Plaintiff's claim is insufficiently pled, legally untenable, and must be dismissed.

### A. Plaintiff Cannot Maintain a Cause of Action Against BANA Under FDCPA.

To establish a claim under the FDCPA, "a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n. 3 (4th Cir.2012) (quoting *Ruggia v. Wash. Mut.*, 719 F.Supp.2d 642, 647 (E.D.Va.2010)); *see Stewart v. Bierman*, 859 F.Supp.2d 754, 759 (D.Md.2012). "Debt collectors that violate the FDCPA are liable to the debtor for actual damages, costs, and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(1), (a)(3)." *Russell*, 763 F.3d at 389. "The FDCPA also provides the potential for statutory damages up to $1,000 subject to the district court's discretion. *Id.* § 1692k(a)(2) (A)." Id.

FDCPA defines the term "debt collector," in relevant part, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Therefore, to be subject to the FDCPA, the entity must be "a business the principal purpose of which is the collection of any debts," or one that "regularly collects or attempts to collect ... debts ...." 15 U.S.C. § 1692a(6); *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 120809 (9th Cir.2013); *Police v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir.2000).

FDCPA further specifies that a "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). An entity that "offers or extends credit creating a debt" qualifies as a creditor for the purposes of the FDCPA. 15 U.S.C. § 1692a(4). As a result, "[c]rediting institutions, such as banks, are not debt collectors under section 1692a(6)(A) because they collect their own debts and are in the business of lending money to consumers." *Davis v. Dillard Nat'l Bank*, No. 1:02–cv–546, 2003 WL 21297331 at *4 (M.D.N.C. June 4, 2003) (unpublished).[2]

Finally, "[t]he structure of the Act suggests that" an entity receiving or attempting to collect money due on a debt "must be one or the other," that is, either a debt collector or a creditor. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir.2003); *see F.T.C. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir.2007) ("[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive."); *accord, e.g., Bradford v. HSBC Mortgage Corp.*, 829 F.Supp.2d 340, 348 (E.D.Va.2011). In other words, creditors and debtors are generally "mutually exclusive" categories under the FDCPA. *Schlosser*, 323 F.3d at 536.

---

[2] Non-binding unpublished decisions are cited only for the persuasive value of their reasoning.

Here, Plaintiff does not allege and cannot show that BANA is a debt collector as defined by FDCPA and his Complaint must be dismissed. BANA was attempting to collect a debt that it owned and as such, was under no obligation to comply with the requirements of the FDCPA. (See Ex. A, p. 2.) Plaintiff seems to acknowledge BANA's position as his creditor but alleges that it has "not been proven" (ECF 1, ¶ 19.) However, Plaintiff's bare allegations are disproved by the documents that Plaintiff references and relies upon. (*See* Exhibit A.) Simply put, BANA does not properly fit into the statute's definition of a "debt collector" for the reasons discussed in *Schlegel and Davis*. First, BANA regularly collects debt owed to it and not owed to another as evidenced in the Complaint and Exhibit A. Second, Plaintiff does not allege in the Complaint – nor could he – that the principal purpose of BANA's business is the collection of debts. Further, such an outcome when applying the statute to BANA under these facts is the only result. *See Schlosser*, 323 F.3d at 536. Accordingly, to the extent Plaintiff attempts to bring a FDCPA claim against BANA, it fails as a matter of law and must be dismissed.

      **B.      Even if Plaintiff Could Maintain A Cause of Action Against BANA for Violation of FDCPA, His Claim Still Fails Because BANA Properly Validated The Debt.**

Even if Plaintiff could state a cause of action against BANA for violation of FDCPA (which he cannot) his claim still fails. Specifically, even if BANA was required to provide debt validation under FDCPA, Plaintiff cannot show that he is entitled to define the parameters of debt validation over and above what the law requires. Specifically, Plaintiff's letter to BANA or its agents demanded, among other things, "the contractual agreement, wet ink signature of the contractual obligation, the chain of title to the alleged consumer debt, explanation and show calculation of alleged consumer debt [and] … name and address of the original creditor." (ECF 1, ¶¶ 10, 12.) However, compliance with the debt validation provisions of FDCPA has been defined by the Courts. *See Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999). At the minimum, "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being

demanded is what the creditor is claiming is owed." *Id*. at 406 (*citing Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D.Fla.), aff'd,66 F.3d 342 (11th Cir.1995)).

Here, Plaintiff admits that BANA or its agents responded to his request for debt validation but avers that the response was unacceptable to him because it failed to provide him with the laundry list of demands that he unilaterally imposed, none of which were required to validate the debt per *Gallerizzo*. (ECF No. 1, ¶¶ 11-12.)[3]  However, Plaintiff has not alleged and cannot show that BANA failed to meet the legal requirements for debt validation established by *Gallerizzo* and therefore, his Complaint fails and must be dismissed, with prejudice, as a matter of law.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, Bank of America, N.A. respectfully requests that this Court grant the Motion and dismiss Plaintiff's Complaint, and grant such other and further relief as the Court deems just and proper.

This 20th day of September, 2019.

>   */s/ Tonya L. Urps*
>   Tonya L. Urps (NC Bar No. 20171)
>   McGuireWoods LLP
>   201 N. Tryon Street, Suite 3000
>   Charlotte, NC 28202
>   Tel: (704) 373-8858
>   Fax: (704) 353-6199
>   Email: turps@mcguirewoods.com
>
>   *Counsel for Defendant Bank of America, N.A.*

---

[3] Discovery will show that BANA, or its agents, provided proper debt validation to Plaintiff, as required by FDCPA and by the Courts.

## CERTIFICATE OF SERVICE

I certify that on September 20, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record and by United States Mail postage pre-paid to the following:

Brian Green
113 Indian Trail Rd N, Ste 280
Indian Trail, NC 28079

*/s/ Tonya L. Urps*
Tonya L. Urps